case number 2352 65 Alan Walker versus USA arguments not to exceed 15 minutes per side mr. Tyree you may proceed for the appellant morning your honors may it please the court Zachary Tyree for petitioner Alan Walker I'd like to reserve two minutes for rebuttal the government did not assert a statute of limitations defense in response to mr. Walker's 2255 motion given the specific facts and circumstances of this case that was a waiver not a forfeiture mr. Walker filed his motion almost a year late and that was after he had filed a letter requesting an extension of time and the 2255 motion itself mr. Walker explicitly highlighted the timeliness problem stating that the motion quote was not filed within the one-year statute of limitations under 2255 F despite that clear acknowledgement the government said not a word about timeliness and its response that conscious decision was a waiver the parties do not dispute any of the relevant historical facts in this case what do you getting to the historical facts our last case was really about intent this case is about intent to and the last case we thought intent was a pure question of fact the parties undisputed that it should be for the fact finder so ostensibly this case is about did they intentionally give up an argument which I would have thought would be for the fact finder but at the same time it strikes me as quite strange to say that this waiver is for the fact finder and I'm trying to reconcile like we often find waiver on appeal and we're not fact finders and we don't have discovery on the government's intent or parties intent so how do you reconcile the fact that its intent is traditionally a fact question with this kind of claims processing process what should what should the test be in the ideal world so your honor this court has said on multiple occasions that the ultimate waiver determination is a mixed question of law in fact that the court reviews de novo and then it would give clear error review to historical facts about what happened and who did what so why I think I mean it's clear here that the standard for waiver is intentional relinquishment or abandonment of a known right that the court has said that that's a mixed question I mean I think on the facts of this case that's clear right the the district court didn't make any kind of intent finding the district court relied on two facts basically the government had never raised the defense in its response and then it consistently raised the defense later and sort of inferred from those two facts that the government forfeited rather than waive the conclusion the district court was in no better position to make that inference than this court is so given the particular facts of this case I mean we don't want to remand and have discovery on the government's intent right I just don't think that's so what I'm trying to get at is like what what should the test be for intent it's not it's obviously not going to be the traditional test right has to be something just is it like an objective intent your honor I think in in this case I do think that's true like we don't have any subjective evidence the government could have but didn't put in an affidavit or fear the burden so should you be the one that has to be like well I need to know what the government's intent is so I have to present evidence we think your honor given the facts and circumstances of this case it's clear that the government made a conscious decision not to raise the argument there are five factors I think that show that first is the procedural history you have you know mr. Walker conviction became final in 2015 he filed the letter almost a year later in 2016 which the district court denied in November 2016 after the one-year period had passed when he files his 2255 motion in August 2017 now almost a year late almost two years after his conviction he then explicitly highlights the second second factor he explicitly highlights this problem stating that it's not files in the 22 within the one year statute of limitations under 2255 the government clearly had read his motion it responded to the motion cited the motion it quoted from the motion it laid out the procedural history and didn't respond you know we're looking at these kind of five steps as you lie them out obviously the district court had those exact you know assume I agree with you that you know the silence on the statute of limitations in the face of the petitioner saying hi I'm late you know is is is a sign that that they intended to wait this but our question is you know the district court said well no no it's not in a sign that they intended to waive and I think we're to get a little bit to judge Murphy's question is like so what deference do we give to that finding if at all I mean is this like a factual finding like like the case we just heard or is this like you know intent and like a contract setting where we're like four corners of a contract what was you know the meetings of the mind based on this like what is what you know we're all looking at those same five steps and and maybe you've completely convinced me but but my question is well what do I do about about the district courts what deference do we give to it so I think your honor if the district were in this case had heard testimony from the prosecutor and made some credibility determination that the prosecutor was telling the truth and really did make a mistake then that credibility determination would be reviewed for clear error and we do not dispute that there would be very little Delta between that credibility determination and the ultimate waiver determination what the district court did in this case was nothing like that so you know we have these five factors but the district court really didn't consider any of them in its analysis it looked for evidence of explicit relinquishment which is not the right test even the government agrees that can be implied so the district court was really looking for the wrong thing and therefore didn't consider all of the evidence in the record so again the district court really that you know the district court maybe invoked this explicit standard which is not the right test I think I think and I'm not sure what your friend would say about that but that you know what test do you use it's more of a legal question than a than a fact question and so if we say okay district court you invoke the wrong test for this you know if the ultimate question is is a fact question sometimes we send it back and we say okay you know you don't have to find this explicitly it can be implied now go back in and make the fact-finding I haven't seen our cases do that on waiver we we often find it our ourselves but but do we have to first like find that there was a legal test that was that was misarticulated I don't think so your honor but I mean again we have that in this case but I don't think the court needs to find that again the court has said on multiple occasions that the ultimate waiver determination is one that it reviews de novo and again in this particular case all we have are objective historical facts about who did what and what happened when this court can review if it's suppose it's a defendant who at the sentencing stage there's some sentencing enhancement in the PSR and suppose the criminal defendants lawyer says nothing but it's it's it's obviously there just like your argument is with the statute of imitation the enhancement is there but there's just silence and then maybe there's the BOSTA question do you have any other and there's nothing and then we get to appeal and the criminal defendant finds a great new argument for to challenge the sentencing enhancement I would have thought that traditionally our test was plain air because we considered that a forfeiture but under your test the fact that you didn't say anything and it was obviously there because it was expressed in the PSR and maybe even the district court said something would make it a waiver am I wrong in thinking that I don't think you're wrong judge Murphy about what the court does in the context of criminal defendants that's what this court said and maybe a case that the government sites and what the Seventh Circuit said in a case the government sites called Jenkins but the court seems to be treating the criminal defendant context differently and I do think so you think we should treat them differently no I don't I don't think necessarily there should be a different rule your honor but I do think sort of others of the factors that I haven't gotten to yet so the third factor I was going to mention was strategic considerations so the court says and maybe that it can see no reason why a defendant ever wouldn't object to a sentencing enhancement basically and here the government had strategic reasons why it might not have wanted to get into timeliness it would have raised questions about whether the August 2016 letter should have been tweeted as a 2255 motion and whether mr. Walker was entitled to equitable tolling and then another of the factors that I think is relevant is context your honor so you know here we have the government who's failing to assert an argument we're not asking for a different test but we do think that you know when the evidence is close you know we don't think it's close in this case but if it is close you have the presumption in general that attorneys act strategically and then you have the further presumption that the government acts with knowledge of the material facts and doesn't act negligently which we do think is relevant in the totality of the circumstances when the courts deciding whether the objective facts give rise to an inference of waiver court hold an evidentiary hearing and ask the government why it didn't raise the statute of limitations defense your honor I don't think that's necessary at this stage the government has had every opportunity before the district court twice to put forward that kind of evidence and hasn't done so I'm not sure why the government has failed to do that but yeah that was the fourth factor I was going to mention is the government has just done nothing to explain what's going on here except point to the historical facts and say that they suggest oversight in spite of you know the clear evidence in this I feel like a routine district court you know request okay you know counsel please please submit an affidavit about you know why you didn't include this so I can determine whether this is waiver or forfeiture should I mean is that is this a decision that should be decided on essentially on the papers or or based on that kind of affidavits or testimony I don't think there's anything wrong with the government presenting that kind of evidence and it it might be the most relevant evidence in this context but again it just hasn't been a problem for your side in general if you say well but we have to have a hearing after the fact as to why the government didn't raise something so that a government attorney might tend to say oh I didn't really realize that this was here definitely wasn't a conscious decision on my part to waive this and so the government would then be able to take advantage of the forfeiture doctrine if if the government lawyer had a tendency to say that I'm not saying that government lawyers wouldn't tell the truth but right I mean I think this is a rule that could apply to both sides so if if my client were on the other side and he came into court and said you know I didn't have any intention not to raise this it was a completely an accident like that might be the case on either side and I'm not saying that evidence is is required it could be decided like this case has been litigated which is just based on the historical facts without any kind of subjective testimony but I think that subjective testimony could be a relevant factor if the government had presented it but here it just hasn't done that I really think that your rule is gonna harm criminal defendants more often than help them because I think there's gonna be a lot more waivers or for this issue just comes up routinely not with the government I mean it does occasionally we have a few cases I was on one called Russell but most of the time it is criminal defendants who are trying to raise arguments that weren't properly preserved below and it strikes me that your rule is going to be quite harmful to them it's kind of counterintuitive in that sense I know you have your own client so I'm not but but systemically this type of rule is not going to be helpful to criminal defendants. Your honor I don't understand this to be asking for any rule that's different from what the the Supreme Court's cases and this court's cases already call for in would the Supreme Court says a deliberate decision not to raise a procedural issue. It's the fact that there's silence and it's expressed I know you have the other factors but those strike me as the key factors you raise the statute of limitations issue and they were silent that is routine and PSR context and all sorts of context and we've traditionally applied plenary there so meaning it was forfeited. Your honor again I think the facts and circumstances in this case suggests that really the court that the made a conscious decision. I see that I'm out of time. Thank you, your honors. Good morning, your honors and may it please the court. Andrew Noll on behalf of the United States. In Mr. Walker's prior appeal this court remanded with instructions for the district court to address in the first instance whether the government deliberately waived a statute of limitations defense and considering the attendance circumstances the district court found that the government merely failed to raise but did not waive that defense and while the government's advocacy in response to Mr. Walker's motion 2035 motion certainly lacked the rigor and circumspection that we expect from our prosecutors both government and defense counsel alike do not waive an argument merely by failing to raise it even if they know or should know about its existence. That is what happened here and this court should affirm. Why do you think so I just I just want to start with the same question again because I'm trying to figure out what the test should be and so intent is traditionally a fact question so you think it should be clear error review. Yes. That's not how we do that's not how I mean we find we decide this question all the time just kind of in random opinions just ourselves on appeal and I don't think we necessarily find facts when we're doing so. So your honor let me make two points two responses to that the first is the Jenova review standard does do work in the mind run of cases like you mentioned where there has been no even raising of the question of forfeiture waiver below. The Jenova review standard allows this court to make you know resolutions of findings of fact that would otherwise typically need to be made by the district court. I think that's no barrier to this court resolving a question on appeal. More generally I just want to make the point that is not aberrational for a Jenova finding that this court a question this court reviews Jenova to actually be resolved on a dispositive question of fact and if I can give you two quick examples. One is the double jeopardy context where Oregon v. Kennedy which we cite in our brief the Supreme Court made clear the question of whether a defendant can be retried after he has moved for a mistrial is resolved exclusively on the question of the prosecutor's intent and this court has said in multiple cases that it's reviews Jenova the double jeopardy question but acknowledges that the question of intent that fact question is going to resolve that question. The second is the Fourth Amendment context you know for example the question of whether a person voluntarily consents to a search of a place or whether the person has a subjective intent or privacy interest expectation of privacy. So I get what you're saying but do you really want the test to be that okay well there's not enough evidence here we're gonna remand and we're gonna let them depose the government lawyer and we're gonna find facts. So I want to make a distinction between what the evidence that should be considered in making that finding and the threshold question of whether the answer is a question of fact. I think it's clear that the subjective intent of any party including the prosecutor is a question of fact and that is what the waiver question turns on. I don't think because this course review is Jenova a remand is required in all cases. Now of course in this case the waiver question was fully briefed to this court in Mr. Walker's 2019 appeal and this court elected to remand to the district court to resolve the question in the first instance and now that we have those findings of fact I think they would deserve deference from this court otherwise. But they're findings of fact just based on what I mean they're kind of weird findings of fact they're just based on an objective review of the record. So that's not unusual your honor and the Supreme Court made clear in Anderson that clear error review is given to the district court regardless of whether it reviews you know live testimony or makes inferences from the record and the district court of course was aware of and knowledgeable about the course of proceedings in this case and can make inferences from the course of proceedings and importantly I think you heard Mr. Walker this morning concede that the government said not a word about timeliness and its response to his 2055 motion and I think that is a clear indication coupled with the additional circumstances of the government's consistent representations on appeal and since then that this is a forfeiture not a waiver and the why so can you get up here today and say that it was so it was a mistake is that your it's not entirely clear I think they have a counsel has a good point on the other side it's not entirely clear what the government's position has been so what happened can you tell us what happened if this is just a fact so I can't there's no direct evidence of what the particular prosecutor who responded to mr. Walker's motion had in her mind at the time what I can say is we have maintained since the prior appeal and on remand that we should have raised the timeliness response I don't think we can contest that we were on at least constructive notice of the timeliness argument it was on the face of mr. Walker's motion so yeah I'm not contesting the knowledge point but to your point judge Murphy about them kind of similar and I think materially similar circumstances of a defense counsel who there's a PSR which recommends a particular sentencing enhancement on the face of the PSR counsel acknowledges that he and his client have reviewed the PSR and then says nothing at the sentencing hearing or in the sentencing you know papers about objecting to that enhancement this court said it may be that that is a forfeiture and I think that is materially similar to what happened in this case why shouldn't we why shouldn't we treat the government a little differently because it has the benefit of this sua sponte rule that they created like usually the party presentation principle means the court shouldn't just make up arguments for one side or the other but in day the court unprecedentedly in some respects suggested well for the government we're gonna we're gonna let the court raise its statute of limitations defense on its own maybe we should have more of an unforgiving view and that's a way to distinguish criminal defendants from the government so in both day and would the court made clear that the kind of ability of district courts and courts of appeals in some cases to raise these threshold issues on their own is not just for the government but for the courts generally their judicial interests that apply including the cost of judicial efficiency of seeking resources into these claims when they are untimely or not exhausted in the district in the state courts I'll note that here we are now nine years out from the sentencing hearing at which and the plea hearings at which mr. Walker is alleging these his you know counsel provided in effect we have to do also conserved many judicial resources right and I'm not suggesting that you do your honor for both defense counsel and the government alike I think a district court can as it did here look at the course of proceeding and make inferences we don't for example required a new defense counsel on appeal to enter evidence about the trial counsel's state of mind in order to substantiate a claim that they only forfeited and I'm not suggesting that that's required here either I think that why shouldn't it just be so you're saying that we should use the record evidence or the on-the-record proceedings to determine the prosecutor's objective intent but why shouldn't the legal test be kind of a fiction an objective intent on all the circumstances that that strikes me as more of a de novo question and it still is getting at an intent and you can it could implicate the implied intent to so you can if somebody says on the record yes I agree that we are not making a statute of limitations you would say that's an express waiver so that would be a waiver and an implied waiver would just be looking at all the circumstances and do they rise to the level of that but it wouldn't really be about what the subjective intent of either party would be it would just be about what do the record evidence show it's always about subjective intent in part because the senator is knowing an intentional waiver and I think you have to understand what either party I agree with you do you think that's I suppose you're right this is tricky because for like voluntariness for constitutional claims it is knowing and voluntary but for these types of strategic legal questions I'm not certain that we've treated it the same way again your honor I would just point this court to Oregon v. Kennedy which I think is although a different question the question of the prosecutor's intent to go to defendant into moving for a mistrial there it's a similar intent question and the court was abundantly clear that that is a question of intent reviewed for clear finding of fact and I don't think that's different here now often you may not have the counsel that you know wrote the papers on the defense or the government side there and the district court or this court may be left to make decisions based on its best reading of the record but I just don't think that's materially different from many circumstances in which this quarter district courts make findings of fact or infer a party's subjective intent from the course of proceedings if we find that a district court applied the wrong standard as to waiver and forfeiture and then and so we say okay well there was a legal error here is the right move then to remand or just to then decide it ourselves based on what's there in the record so let me get back to why I don't think this court applied the wrong standard and so that the question is immaterial but if you were to conclude that the district court made findings under the wrong standard right I think this court could on review make its determination about whether the government waived but to that point I would just say that it's not a fair reading of the district court's order if you go to pages 330 and 331 of the record that it applied this explicit waiver test you'll see the district court both sites on page 330 the Olano standard the knowing and intentional standard and then again quotes Cradler itself which is the case that has that explicit waiver line for the same Olano standard and the court then did say that there was no evidence the government explicitly relinquish its claim but also discussed arguments mr. Walker presented that would have been entirely irrelevant had the court thought the waiver question only turned on express waiver because the court pointed out that mr. Walker had argued the government knew about this claim would we be concerned I mean to the extent that this is a fact question that the district court is trying to get into the subjective intent of the prosecutor should we be concerned that in its fact-finding the district court found the you know whether it was explicit to be to be so meaningful like or maybe maybe that's just kind of one part of the fact-finding but but not the standard so it's it's fine like how how should we take that in the kind of reviewing fact-finding of course your honor so I would say there's that line about the government explicit did not explicitly relinquish its defense but the very next sentence the court goes on to say in fact the government quote failed to raise the timeliness issue at all and I think that is also a finding of facts that is a more general finding a fact that says from this course of proceedings I don't see any indication that the government raised this issue at all and I think those two facts in combination or what we say we our position is that those two facts are what led the court to find that there was just no discussion of the time in its defense and therefore it's a forfeiture not alone the fact that the government didn't come forward and say we are waiving the timeliness defense and I think again if you look at the full scope of the district courts reasoning it discussed other facts including mr. Walker's claim that the government was clearly on notice of this argument because it was in his papers and I don't think the court would have had any reason to discuss that if it thought that the question solely turned on whether the government explicitly made a statement that it was waiving the statute of limitations defense a little hard to parse it's not the model of clarity I mean there you know I'm going back and reading again you know it's saying and Cradler you know they essentially found that the knowing and intelligent relinquishment test you know wasn't met because there was quote no evidence the record to suggest the United States explicitly relinquished then it says similarly in this case no record evidence that explicitly relinquished its timeliness defense now that next sentence says yeah they failed to raise it at all it's hard to know like is that just a backup like they clearly didn't explicitly relinquish it because they didn't even say anything about it or does it say something else like it's it's you know I guess you could give a very generous reading but but certainly it seems like the explicitly relinquished is is a pretty critical I mean this is a I mean I'm not you know I don't say think it needs to be a short order a long order but it's a very short order and its analysis is quite short and this is this is like the critical sentences of it so your honor let me just make a two or three quick points yeah versus again I would look at the whole order as a whole it is short but again I would read the sentence that follows expressive relinquishment the double reference to Olano twice in the opinion and again the courts reference to other facts including the fact that mr. Walker claimed the government knew about this argument as all indications the court wasn't kind of hanging its hat solely on the explicit relinquishment I would also look at Cradler itself and we cite the relevant filings in that case in pages 2930 of our brief there this court found no waiver and found forfeiture where over 31 months of district court proceedings the government failed to respond to a timeliness argument that a defendant was including as we point out in his papers and I think these circumstances here are anything much more wild than that case and for the same reasons that the court gave in Cradler I think I don't read the court in Cradler to be making a claim that the standard of review is different right before that Senate decided and quoted Olano I read the district court here to making that same observation and it's true we didn't expressly relinquish that is an accurate statement but I don't think that's the sum total of the district court's reasoning in this case last even if you thought it was I think the full facts here still lead to the same conclusion that the government merely failed to raise and did not wave again the actual response to the 25 motion on its face says nothing about timeliness distinct from would be milliard in that very critical respect where there's just no there are a lot of steps here right I mean there's this initial letter asking for more time the district court asks the government to respond and they're saying yeah don't give him more time because this is meritless and then we're like a year later we're back at it and the the petitioner is like hey I'm out of time you know and the the government again is like I mean it says in its brief like gives the procedural history this is more than a year and then still doesn't say anything it's not kind of like a one-off so those all go to knowledge and as I tried to concede I'm not contending the government wasn't on clear notice of this argument but I would just say for the same reason that for example a PSR might represent an enhanced right government says it should apply you know there's several steps there a party that's simply on notice of an argument but fails to raise it I think that's just forfeiture unless there's other indications in the record from which you can you can indicate a government's clear relinquishment of that argument and we just don't think that on these facts either because the district court deserves clear error review or just as a matter of de novo that this court can find what would you think would be enough to show an implied waiver like what additional facts in addition to the silence I see him almost out of time so I think there are at least three different ways the government could have if the facts were different have waived one is if we made some statements Allah would be milliard that we acknowledge the argument but we're not challenging so that would be an express waiver I think if the court held a hearing and said I understand from the government's lack of response that it is not challenging the timeliness and the we either stayed silent in response to that or agreed like that's the D'Ambrosio case where the where this court said look a state comes in and said doesn't correct a district court statement that I understand the courts the government's waiving this that I think would similarly rise to the level of waiver even though we didn't come out and say that expressly so there are and we said a number of instances in our brief where there are implicit waivers where there's sufficient evidence that shows the government thought about it and chose not to raise it and that's just not what we have here in this case thank you your honors like to make four quick points in rebuttal if I have time the first is the government sort of recognizes that as a general matter you could have a category of implied waiver but then it comes up here today and basically says that it has to do something clearly or explicitly in order to waive it relies on D'Ambrosio but that case was interpreting 2254 where the statute says you have to have express waiver of an exhaustion requirement in that context which is does not apply here here you can have implicit waiver and the factors the procedural history the clear acknowledgement in the 2255 motions the government's strategic reasons its failure to offer any kind of alternative explanation and the context that you mentioned judge Murphy all show that the government waived its defense here second the government's reliance on Anderson and its general position that intent in this case is a fact-finding that is definitive it's really just asking this court to go back on its well-established precedent that the ultimate waiver determination is something reviewed de novo like like you judge Murphy I think it's more of an objective view that the subjective piece fits into and matters but if it's being it's being reviewed de novo here this court can review the facts and circumstances as the government said and draw a conclusion from that third judge Bloom Katz you were asking about the district courts decision I think if you look at the relevant parts of the decision as you noted the court sort of says in Cradler they looked for explicit relinquishment here I'm gonna look for explicit relinquishment the next two sentences are the two facts that he finds to support that conclusion the government never raised the defense at all in its response and then it later repeatedly asserted the defense and in the next sentence that says these failures by the government are enough for a finding of forfeiture which don't make sense if the district court is looking at the totality of the circumstances for something about whether the government made a conscious decision finally the government suggests today that even if it knew about the argument it's still forfeited it but the well-established precedent is that a decision not to raise an issue is a waiver the court should therefore reverse so getting back to the PSR example you feel that your position would be consistent with our established law that failing to raise a challenge to an enhancement that was mentioned in the PSR and is applied by the district judge and it's not challenged at the end of the sentencing hearing is and is treated as a forfeiture that that is consistent can you give a shorthand explanation why we can find waiver here and we are finding forfeiture there sure your honor so in this case again we have these five specific factors that I think don't really arise in that context and maybe this court is clear that the strategic reasons just aren't present with the criminal defendants that there's no reason to believe that a criminal defendant wouldn't challenge a enhancement whereas here you have the government with strategic reasons it didn't want to get into these thorny procedural questions about whether the 2016 letter should have been treated as a 2255 motion and whether equitable tolling might apply you also have the context that judge Murphy mentioned again this is the government who's making this decision the Supreme Court referred to them as the richest most powerful best represented litigant in the courts so we should they don't get the beneficial construction of waiver principles and that's what Jenkins the Seventh Circuit case says is one reason why it's not going to treat the sentencing enhancement context in the exact same way and obviously the second circuit Seventh Circuit you have judge Easterbrook and in the Ryan decision applying both that you have those sentencing enhancement case and Jenkins and judge Easterbrook's opinion and Ryan sitting side-by-side safely so we think that this court could rely on these specific facts and circumstances here and told that you know the government says it made a mistake but like you judge Easterbrook said a mistake in failing to raise the decision a procedural issue is still a waiver if it's a conscious decision as it was here